**Russell KAUFMAN, Plaintiff–Appellant,**

v.

**CHECKERS DRIVE–IN RESTAURANTS, INC., a Delaware Corporation, Defendant–Appellee.**

No. 95–4265.

United States Court of Appeals, Eleventh Circuit.

Aug. 29, 1997.

Norman E. Ganz, Ft. Lauderdale, FL, Arnold R. Ginsberg, Miami, FL, for Plaintiff–Appellant.

Claude H. Tison, Jr., Sandra L. Fanning, McFarlane, Ausley, Ferguson & McMullen, Tampa, FL, James A. Martin, Jr., Clearwater, FL, for Defendant–Appellee.

Before TJOFLAT and BLACK, Circuit Judges, and REAVLEY *, Senior Circuit Judge.

* Honorable Thomas M. Reavley, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

TJOFLAT, Circuit Judge:

Appellant Russell Kaufman brought suit against appellee Checkers Drive–In Restaurants, Inc. ("Checkers"), asserting claims under federal and state law. The district court, finding that the state law claims substantially predominated over the federal claims, issued an order declining supplemental jurisdiction over the pendent claims. In this interlocutory appeal, Kaufman challenges the district court's action. We do not consider his challenge because we lack jurisdiction to entertain his appeal.

## I.

Kaufman was hired by Checkers at some time between February and April 1992. After completing the company's training program, he worked at several Checkers restaurants.[1] At one point, he worked under Abel Rodriguez, who allegedly subjected him to offensive language, anti-homosexual epithets, AIDS-based comments, and sexually explicit statements. At another point, Kaufman worked under Seth Furman, a supervisor who allegedly pressured him to have sexual relations and subjected him to physical touching and sexually offensive language, at times in the presence of Kaufman's wife. Checkers terminated Kaufman's employment on or about July 1, 1993.

Kaufman thereafter filed a charge of discrimination on the basis of sex and handicap with the United States Equal Employment Opportunity Commission (the "EEOC") and the Florida Commission on Human Relations. On June 24, 1994, the EEOC issued him a right to sue letter.

On August 5, 1994, Kaufman instituted this action, filing an eight-count complaint in the United States District Court for the Southern District of Florida. Three of the counts presented federal claims. Count One alleged that Kaufman was disabled under the Americans with Disabilities Act (ADA), 42 U.S.C.

§§ 12101–12213, because his supervisors at Checkers believed that he was HIV-positive or suffering from AIDS, and that Checkers violated the ADA by intentionally discriminating against him and by terminating his employment because of such belief. Count Two alleged that Checkers, through supervisor Rodriguez, subjected him to hostile environment sexual harassment in violation of Title VII, 42 U.S.C. §§ 2000e–2000e–17. Count Three alleged that Checkers, through supervisor Furman, subjected Kaufman to *quid pro quo* sexual harassment in violation of Title VII by requiring that he have sexual relations with Furman as a condition of his employment. Each of these counts sought the recovery of lost wages, compensatory damages for "pain and suffering and all other hedonic losses as authorized by Title VII," punitive damages, and attorney's fees.

Five counts of the complaint presented state law claims. Count Four alleged that Checkers' "discriminatory treatment and discharge" of Kaufman violated the Florida AIDS discrimination statute, Fla. Stat. § 760.50. Count Five sought recovery under the Florida Civil Rights Act, Fla. Stat. § 760.10, for the same conduct alleged in Counts Two and Three. Count Six sought recovery under Florida tort law for intentional infliction of emotional distress. Count Seven alleged that Checkers negligently misrepresented that his job with the company was secure. Count Eight alleged that Checkers had made this misrepresentation fraudulently. Each of these state law counts sought compensatory damages; Count Five sought punitive damages as well.

Checkers moved to dismiss each count of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief. In a written order, the district court denied the motion with the exception of Count Three, which it dismissed with leave to amend. In addition, the court, acting *sua sponte* and pursuant to 28 U.S.C. § 1367(c),[2]

---

1. During his tenure with the company, Kaufman served as assistant manager and, following a promotion, as general manager of one of its restaurants.

2. Section 1367(c)(2) states: "The district courts may decline to exercise supplemental jurisdiction

... if ... the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2) (1994). This subsection codifies the criteria for exercising pendent jurisdiction over state law claims provided in *United Mine Workers*

declined to exercise supplemental jurisdiction over the pendent claims because the state claims "substantially predominated" over the federal claims. The court thus dismissed the pendent claims without prejudice.

Kaufman then lodged this appeal, contending that the district court abused its discretion in dismissing the pendent claims. He argues that the district court, by requiring him to litigate these claims in state court, may have foreclosed his opportunity to obtain a federal court determination on the merits of his federal claims (Counts One through Three). The doctrine of collateral estoppel will foreclose his federal claims, he submits, if the state court decides the pendent claims before the district court acts.

Shortly after the filing of this appeal, this court instructed the parties to address in their briefs the question of whether this court has jurisdiction to entertain this interlocutory appeal. In his brief, Kaufman contends that we have jurisdiction under the collateral order doctrine articulated in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Checkers, in its answer brief, makes no reference to the *Cohen* doctrine. Rather, it contends that we lack jurisdiction because the order appealed from did not dispose of all of the claims in the case and thus is not a final judgment under 28 U.S.C. § 1291.[3] This statement begs the question of whether the *Cohen* doctrine applies: if this court has jurisdiction of this appeal, it can only be under the *Cohen* collateral order doctrine. For the reasons that follow, we conclude that the doctrine does not apply in this case.

## II.

█ In *Cohen,* the Supreme Court recognized a "small class" of non-final orders in-

volving "claims of right" that are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225–26. To be reviewable under *Cohen,* an order must (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) be "effectively unreviewable on appeal from a final judgment." *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 276, 108 S.Ct. 1133, 1136–37, 99 L.Ed.2d 296 (1988) (internal quotation marks omitted) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).[4] The burden is upon the appellant to make these showings, which in most cases should be evident from the record.

Kaufman contends that he has made these showings: (1) the order conclusively determines the question in dispute—that is, the district court has made its decision not to adjudicate the state law claims with the federal claims; (2) whether the district court should have exercised its supplemental jurisdiction is an important issue completely separate from the merits of the case; and (3) the order will be effectively unreviewable on appeal from a final judgment.

█ We assume for the sake of discussion that the first two prongs of *Cohen* have been met. We find, however, that the third prong has not been satisfied: Kaufman has not shown that the challenged order will be effectively unreviewable on appeal from a final judgment adjudicating the merits of his federal claims. Stated differently, Kaufman has

---

*v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

3. Checkers also observes that the district court's dismissal of Kaufman's pendent claims was not made a partial final judgment under Fed.R.Civ.P. 54(b), from which an appeal would lie under 28 U.S.C. § 1291.

4. For a brief survey of interlocutory orders that are and are not appealable under *Cohen,* compare *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 147, 113 S.Ct. 684, 689, 121 L.Ed.2d 605 (1993) (order

denying Eleventh Amendment immunity was appealable), *Cohen,* 337 U.S. at 546–47, 69 S.Ct. at 1226 (order denying security for costs was appealable), and *Ortho Pharm. Corp. v. Sona Distrib.,* 847 F.2d 1512, 1517 (11th Cir.1988) (order imposing significant sanctions on counsel was appealable), with *Coopers & Lybrand,* 437 U.S. at 469, 98 S.Ct. at 2458 (order passing on request for class certification was not appealable), and *Howard v. Parisian, 807 F.2d 1560, 1566 (11th Cir.1987) (order denying jury trial in civil action was not appealable).*

not demonstrated that the order affects "rights that *will be irretrievably lost* in the absence of an immediate appeal." *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (emphasis added).[5]

Among other things, Kaufman has not indicated whether he has filed suit on his pendent claims in state court; if he has not done so, the collateral estoppel problem he presents does not exist. If he has filed suit in state court, then, for issue preclusion to become a problem, Kaufman must demonstrate a likelihood that a final judgment will be entered in the state court proceeding before the district court decides his federal claims (Counts One through Three). More specifically, he must show that the state court will not stay further proceedings in the case until the district court has reached a final judgment on the federal claims. Finally, if the state court will not stay further proceedings, he must show that the district court will not beat the state court to the finish line. Kaufman has made none of these showings. In sum, he has failed to satisfy *Cohen*'s third prong.[6]

Kaufman has not demonstrated that the district court's order is an appealable collat-

eral order under *Cohen*. The appeal is therefore dismissed for lack of jurisdiction.

DISMISSED.

---

5. For other cases in which the "effectively unreviewable" requirement was not met, see *Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 496, 109 S.Ct. 1976, 1977, 104 L.Ed.2d 548 (1989) (order denying motion to dismiss on basis of forum-selection clause); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 376–79, 101 S.Ct. 669, 674–76, 66 L.Ed.2d 571 (1981) (order refusing to disqualify counsel); *Holt v. Ford,* 862 F.2d 850, 853–54 (11th Cir.1989) (en banc) (order denying motion for appointed counsel).

6. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), presents a scenario somewhat analogous to the one before us and suggests that the *Cohen* doctrine might apply had Kaufman made a better showing of prejudice. In *Moses H. Cone,* a district court granted a stay in a federal proceeding while the identical issue, the applicability of a

contractual arbitration clause, was being litigated in a parallel proceeding in state court. *Id.* at 7, 103 S.Ct. at 932. The parties disputed whether the first prong of *Cohen* was satisfied—that is, whether the district court's stay order conclusively determined the disputed question. *Id.* at 8–9, 103 S.Ct. at 933. Recognizing that the state court would be the first court to decide the applicability of the arbitration clause and that its decision would bind the federal court as res judicata, the Court ruled that the district court's grant of the stay qualified as an appealable collateral order. *Id.* at 12–13, 103 S.Ct. at 935.

*Moses H. Cone* is of no help to Kaufman because, as discussed above, he has failed to show that the state court will render its determination on his state law claims before the federal court will do so on the federal claims.