CSX TRANSPORTATION, INC., Plaintiff–Counter–Defendant–Cross–Claimant–Third Party–Defendant–Appellee,

v.

KISSIMMEE UTILITY AUTHORITY, Defendant–Cross–Claimant–Third Party–Plaintiff–Counter–Defendant–Fourth Party Plaintiff–Third Party–Defendant–Appellant.

No. 96–3325.

United States Court of Appeals,
Eleventh Circuit.

Sept. 9, 1998.

---

Lamar D. Oxford, Michael Roper, Orlando, FL, for Kissimmee Utility Authority.

William G. Ballaine, Landman, Coesi, Ballaine & Ford, PC, New York City, for CSX Transportation, Inc.

Before EDMONDSON and BIRCH, Circuit Judges, and STAFFORD*, Senior District Judge.

PER CURIAM:

Kissimmee Utility Authority (KUA), a Florida State agency, interlocutorily appeals the district court's denial of KUA's motion for partial summary judgment and the partial grant of summary judgment in favor of Plaintiff CSX Transportation on a contract claim for indemnification. KUA claims entitlement to sovereign immunity. Because we lack jurisdiction over this interlocutory appeal, the appeal is dismissed.

### Background

Defendant KUA entered into a contract with Plaintiff CSX Transportation. CSX owned railroad tracks. The contract gave KUA the right to construct an access road across CSX's railroad tracks to reach KUA's Cane Island Power Plant.

The contract included an indemnity provision. This provision said that KUA would "assume all risk of loss and damage to, and waives any right to ask or demand damages for" KUA's property at the constructed crossing "regardless of the cause." The contract also provided that KUA "assume[d] all liability for, and releases and agrees to defend, indemnify, protect, and save railroad from and against" all loss or damage to property and all loss or damage due to injury or death of a person at the crossing and all claims and liability for such loss and damage.

After construction of the crossing by KUA, a collision occurred at the crossing. In a separate, but related suit, a jury determined the liability of the various parties involved in the collision. No fault was attributed to KUA. But the contract between KUA and CSX provides for KUA to indemnify CSX (and those otherwise suffering losses) regardless of the fault of KUA.[1]

CSX, along with National Railroad Passenger Corporation (Amtrack),[2] sued KUA, pursuant to the indemnity provisions in the con-

---

* Honorable William Stafford, Senior U.S. District Judge for the Northern District of Florida, sitting by designation.

1. No party disputes the effect of the indemnity provisions, if valid. Instead, the dispute is about the enforceability of the indemnity provisions against KUA.

2. An Amtrack train was involved in the collision.

tract between KUA and CSX, for damages resulting from the collision.[3] All parties filed motions for partial summary judgment. The district court denied KUA's motion, which was mainly based on KUA's claim of sovereign immunity. The district court denied Amtrack's motion for summary judgment because material factual disputes existed. But the court granted CSX's motion for partial summary judgment on the merits: in effect, obligating KUA to indemnify CSX. KUA then filed this interlocutory appeal.[4]

### Discussion

■ Except in limited circumstances, the courts of appeals have jurisdiction for appeals from final orders only. *See* 28 U.S.C. § 1291;[5] *see also Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368–69 (11th Cir. 1983). Section 1291 does not "permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); *see also Jordan v. AVCO Fin. Servs. of Georgia, Inc.*, 117 F.3d 1254, 1256 (11th Cir.1997).

■ But "[i]n *Cohen*, the Supreme Court recognized a small class of non-final orders involving claims of right that are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Kaufman v. Checkers Drive–In Restaurants, Inc.*, 122 F.3d 892,

894 (11th Cir.1997) (internal quotations omitted). This collateral order doctrine, established in *Cohen*, is a "narrow exception to the normal application of the final judgment rule." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989). To be entitled to interlocutory appeal under *Cohen*'s collateral order doctrine, the order appealed must conclusively determine an important legal question, which question is separate from the merits of the underlying action and is not effectively reviewable in an appeal from a final judgment in the underlying action. *See Cohen*, 337 U.S. 541, 69 S.Ct. at 1225–26.

■ KUA argues that both the denial of its motion for partial summary judgment and the partial grant of summary judgment in favor of CSX are interlocutorily appealable. The argument is based on KUA's alleged entitlement to state sovereign immunity. KUA points us to *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). In *Mitchell*, the Supreme Court applied the collateral order doctrine of *Cohen* to conclude that a denial of summary judgment is immediately appealable where the movant alleged a right to qualified immunity.

The Supreme Court's decision in *Mitchell* was based on the observation that qualified immunity, like Eleventh Amendment immunity, is immunity from suit or trial, not merely immunity from liability or damages. KUA claims that Florida's state law sovereign immunity is also immunity from suit. Thus, KUA argues that immunity is lost if KUA is forced to litigate in the district court without the protection of an immediate appeal about the denial of that immunity.[6]

---

**3.** Additional parties are involved in the litigation before the district court. And, KUA has filed cross-claims against some of these parties.

**4.** In addition to claiming entitlement to sovereign immunity, KUA presents some other issues to support its contention that the indemnity provisions are not enforceable. Among the arguments is one that the inclusion of the indemnity provisions in the contract was beyond KUA's authority. This appeal is, as recognized by KUA, an interlocutory appeal. Litigation is still ongoing in the district court. This case is a multiparty dispute about which no final orders had been entered at the time of KUA's appeal. Thus, appeal of these additional issues does not present a proper interlocutory appeal.

**5.** Section 1292, Title 28, sets out some exceptions to the final order doctrine. None of these statutory exceptions apply to this case.

**6.** CSX points out that an immediate ruling on KUA's sovereign immunity will offer no protection to KUA from participating in the pertinent litigation: because of the nature of some of the claims, KUA will still be required to participate in the litigation and to litigate the same facts involved in its dispute with CSX. We do not need to decide whether that observation affects an issue's immediate appealability. But we note that in *Green v. Brantley*, 941 F.2d 1146, 1152 (11th Cir.1991) (en banc), we decided that interlocutory appeal on qualified immunity grounds was still appropriate even when the defendant

Because KUA asserts immunity only under state law,[7] we must look to Florida law to determine the scope of KUA's supposed sovereign immunity. In *Department of Education v. Roe*, 679 So.2d 756 (Fla.1996), the Florida Supreme Court made it fairly clear that sovereign immunity under Florida law is no immunity from suit, but only immunity from liability: "although the state will have to bear the expense of continuing the litigation, the benefit of the *immunity from liability*, should the state ultimately prevail on the sovereign immunity issue, will not be lost simply because review must wait until after final judgment." *Id.* at 759 (emphasis added); *see also Stephens v. Geoghegan*, 702 So.2d 517, 525 n. 5 (Fla.Dist.Ct.App.1997) (summarizing *Roe*, parenthetically, as establishing that "sovereign immunity is an immunity from liability [such that] its benefits will not be lost simply because review must wait until after judgment").

We are not bound by a state court's determination of its own jurisdiction—that is, just because a state court, under its own jurisdictional laws and rules, does not have jurisdiction over a kind of interlocutory appeal, does not dictate a lack of jurisdiction in this court. But we are bound by that state court's determination of the substantive limits of the state's sovereign immunity protection.

Because Florida's state sovereign immunity is only immunity from liability, it is analogous to federal sovereign immunity. *See generally Pullman Const. Indus., Inc. v. United States*, 23 F.3d 1166 (7th Cir.1994) (concluding denial of federal sovereign immunity not immediately appealable); *see also State of Alaska v. United States*, 64 F.3d 1352, 1354–55 (9th Cir.1995) (same). In *Pullman*, the Seventh Circuit discussed the distinctions among kinds of immunities as recognized by the Supreme Court in *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). About the distinctions, the court in *Pullman* wrote these words:

Sometimes the word [immunity] connotes a right not to be tried, which must be vindicated promptly. Sometimes the word means only a right to *prevail* at trial—a right to win, indistinguishable from all the other reasons why a party may not have to pay damages. Confusing the two would undermine the final decision requirement.

*Pullman*, 23 F.3d at 1169. We agree. To be immediately appealable, KUA's denial of immunity must have been a denial of an immunity from suit. Our understanding of Florida law is that the state is afforded sovereign immunity from liability only.[8]

The burden is on KUA to make the showings necessary to establish a right to interlocutory appeal. *See Kaufman*, 122 F.3d at 894. KUA has not met that burden. Because KUA's claim to sovereign immunity under Florida law can be effectively reviewed after completion of the litigation in the district court, KUA cannot bring this interlocutory appeal; we have no jurisdiction to consider this appeal.

APPEAL DISMISSED.

---

did not claim qualified immunity as a defense to all claims in the underlying action.

**7.** KUA makes no claim of immunity under the Eleventh Amendment to the United States Constitution.

**8.** By the way, KUA's claim of sovereign immunity also may not be independent of the merits of the underlying action, as required under *Cohen*'s collateral order doctrine. Whether KUA will be entitled to sovereign immunity turns on KUA's actual authority to enter into the pertinent contract: an issue still to be resolved in the underlying action.