[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13207

Non-Argument Calendar

_____

MARCO THONY CADEJUSTE,

Plaintiff-Appellant,

*versus*

CITY OF FT. PIERCE,
Policy Makers,
COUNTY OF ST. LUCIE,
Policy Makers,
JOHN DOE #1,
Ofc.,
JOHN DOE #2,
Ofc.,
JOHN DOE #3, et al.,

2                    Opinion of the Court                    23-13207

Ofc.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14274-DMM

_____

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Marco Cadejuste appeals the district court's order dismissing his pro se civil rights complaint without prejudice and with leave to amend.  Cadejuste also moves this Court to take judicial notice of a motion that he filed before the district court to disqualify the district court judge, and to take notice that his property was taken from him while incarcerated.  We dismiss the appeal for lack of jurisdiction and deny Cadejuste's motions.

We must inquire into our own subject matter jurisdiction whenever it may be lacking. *Barwick v. Governor of Florida*, 66 F.4th 896, 900 (11th Cir. 2023).  Except in limited circumstances not applicable here, we "have jurisdiction for appeals from final orders only." *CSX Transp., Inc. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1285 (11th Cir. 1998); *see* 28 U.S.C. § 1291.  "Section 1291 does not permit

appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge." *Id.* (quotation omitted).

"A final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009) (quotation omitted). A district court order that "contemplates further substantive proceedings in a case is not final and appealable." *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018).

An order dismissing a complaint without prejudice "does not automatically terminate the action unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes a dismissal of the action." *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1554 (11th Cir. 1984). If the district court's order dismisses the complaint without prejudice and with leave to amend, the plaintiff has the choice of either filing an amended complaint or "treating the order as final and filing for appeal." *Id.*; *see Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260–61 (11th Cir. 2006).

Here, the district court's order dismissed Cadejuste's complaint without prejudice and with leave to file an amended complaint by October 6, 2023. The dismissal order did not become final because Cadejuste elected to file an amended complaint before the court's deadline. *See Czeremcha*, 724 F.2d at 1554–55. The notice of appeal, which was filed the same day but docketed after the amended complaint, was ineffective to invoke our appellate

jurisdiction.  *See* 28 U.S.C. § 1291; *Freyre*, 910 F.3d at 1377.  We therefore DISMISS the appeal for lack of jurisdiction.  And because we lack jurisdiction over the appeal, we DENY Cadejuste's motions to take judicial notice.

**DISMISSED.**