CLARK, J.
The petitioner Citizens Property Insurance (“Citizens”) seeks a writ of prohibition or certiorari in this court, upon the trial court’s denial of Citizens’ motion to dismiss the respondent San Perdido Association’s lawsuit alleging that Citizens engaged in bad faith insurance practices. San Perdido’s lawsuit was brought under section 624.155, Florida Statutes. In its motion to dismiss, Citizens asserted that it was entitled to sovereign immunity in that action. However, because the trial court action has not yet proceeded to a final judgment, Citizens’ challenge to the denial *1052 of its motion to dismiss cannot be entertained by this court at the present time.
This case arises from a claim by San Perdido under a windstorm insurance policy with Citizens, after Hurricane Ivan caused substantial property damage in 2004. Citizens persistently refused to fully pay its obligation under the terms of the insurance policy, requiring San Perdido to file a circuit court action to compel such payment, and then defend that award in Citizens’ appeal to this court. The circuit court ruling was upheld by this court, in Citizens Property Insurance v. San Perdido Assoc., 22 So.3d 71 (Fla. 1st DCA 2009), and San Perdido thereafter filed its section 624.155 bad faith action in the circuit court. Citizens responded with a motion to dismiss, asserting that the action is barred by the immunity conferred on Citizens in section 627.351(6), Florida Statutes. Citizens argued that this statutory provision grants it sovereign immunity.
Citizens is a statutory corporation created by the legislature to ensure that properties in Florida can be insured against hurricane damage. See § 627.351(6)(a)(l), Fla. Stat. In creating Citizens for this purpose, the legislature imbued Citizens with the status of a government entity, see § 627.351(6)(a)(l), and gave Citizens a limited grant of immunity in connection with Citizens’ performance of its duties or responsibilities. See § 627.351(6)(s)(l), Fla. Stat. However, section 627.351(6)(s)(l) provides that such immunity does not apply to a willful tort or for a breach of contract pertaining to insurance coverage.
In its section 624.155 action, San Perdi-do alleged that Citizens engaged in a series of bad faith practices in its handling of San Perdido’s insurance claim, and that such conduct was both a breach of contract and a willful tort under section 624.155. In denying Citizens’ motion to dismiss, the trial court reasoned that San Perdido’s section 627.155 lawsuit is within the section 627.351(6)(s)(1) exceptions to Citizens’ immunity. Although Citizens could challenge that ruling after an adverse judgment if San Perdido should prevail on the merits of its lawsuit at trial, Citizens now seeks an immediate writ of prohibition or certio-rari, and asks this court to preclude any further proceedings in the trial court.
The Florida Supreme Court addressed a request for immediate interlocutory review upon the denial of a motion to dismiss on grounds of sovereign immunity in Department of Education v. Roe, 679 So.2d 756 (Fla.1996). In that case, this court declined to undertake interlocutory review of the denial of the motion to dismiss, and noted that such a ruling does not ordinarily qualify for review by certiorari. The supreme court expressly approved this court’s decision. The supreme court in Roe acknowledged that questions of sovereign immunity had at one time been treated as issues of subject matter jurisdiction, but the Roe court rejected further application of that theory and instead observed that such immunity is not lost merely because review must wait until after a final judgment.
Contrary to the supreme court’s pronouncements in Roe, the fifth district has issued writs of prohibition where Citizens claimed sovereign immunity in response to a section 624.155 lawsuit for bad faith insurance practices. See Citizens Property Insurance v. Garfinkel, 25 So.3d 62 (Fla. 5th DCA 2009); see also Citizens Property Insurance v. La Mer Condominium Assoc., 37 So.3d 988 (Fla. 5th DCA 2010). Like the present case, in those instances Citizens’ motions to dismiss the section 624.155 action were denied by the trial court. In undertaking immediate review of those rulings, the fifth district referred to the supreme court’s earlier decision in Circuit Court of Twelfth Judicial Circuit *1053 v. Department of Natural Resources, 339 So.2d 1113 (Fla.1976), and treated the matter as a question of the trial court’s subject matter jurisdiction. But the fifth district did not refer to or otherwise acknowledge the supreme court’s more recent ruling in Roe, which characterized the jurisdictional theory in Circuit Court of Twelfth Judicial Circuit as an approach which pertained “at one time,” but which no longer applied. As Roe suggested, there is no irreparable harm in requiring that appellate consideration of the sovereign immunity claim await the entry of a final judgment.
Without the irreparable harm required for certiorari, and given the supreme court’s repudiation of the Circuit Court of Twelfth Judicial Circuit theory of jurisdiction in Roe, Citizens is not entitled to immediate interlocutory review of the denial of its motion to dismiss San Perdido’s section 624.155 lawsuit. While Roe involved the waiver of sovereign immunity in section 768.28, Florida Statutes, and San Perdido’s lawsuit involves the waiver of immunity in section 627.351(6)(s)(l), the statutory waivers are similar in that section 768.28 provides for a waiver in tort actions, and section 627.351(6)(s)(l) provides for a waiver for any willful tort, as well as upon a breach of the insurance contract.
In light of the supreme court’s ruling in Roe, this court declines to undertake immediate interlocutory review of the denial of Citizens’ motion to dismiss San Perdi-do’s section 624.155 lawsuit, nor will this court entertain such a challenge by prohibition or certiorari. Other courts have also declined to entertain such interlocutory challenges in light of Roe, although there appears to be some inconsistency in the case law on this point. E.g., compare School Board of Miami-Dade County v. Leyva, 975 So.2d 576 (Fla. 3d DCA 2008) with Garfinkel, supra; see also, e.g., Florida A & M University Board of Trustees v. Thomas, 19 So.3d 445 (Fla. 5th DCA 2009).
Citizens’ petition for prohibition or cer-tiorari is denied, and pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) and (vi) this court certifies conflict with the fifth district decisions in Garfinkel and La Mer Condominium Assoc., and further certifies the following question of great public importance:
Whether, in light of the supreme court’s ruling in Department of Education v. Roe, 679 So.2d 756 (Fla.1996), review of the denial of a motion to dismiss based on a claim of sovereign immunity should await the entry of a final judgment in the trial court?
DAVIS, J., concurs. WETHERELL, J., dissents with opinion.