# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-699
Lower Tribunal No. 84-2314A
_____

**The State of Florida,**
Petitioner,

vs.

**David Gottfried,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for petitioner.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for respondent.

Before EMAS, C.J., and SCALES and LINDSEY, JJ.

PER CURIAM.

We dismiss the State's petition for writ of certiorari for lack of jurisdiction. See Coffey-Garcia v. South Miami Hosp., Inc., 194 So. 3d 533, 536 (Fla. 3d DCA 2016) (observing: "For a writ of certiorari to issue, the petitioner must demonstrate that the challenged non-final order (1) departs from the essential requirements of law, (2) results in material injury for the remainder of the case, and (3) such injury is incapable of correction on post-judgment appeal. The last two elements are referred to as irreparable harm, the establishment of which is a condition precedent to invoking certiorari jurisdiction") (citations omitted); Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 353 (Fla. 2012) (noting that "this Court has never held that requiring a party to continue to defend a lawsuit is irreparable harm for the purposes of invoking the jurisdiction of an appellate court to issue a common law writ of certiorari. . . . [T]o establish the type of irreparable harm necessary in order to permit certiorari review, a party cannot simply claim that continuation of the lawsuit would . . . result in needless litigation costs. To hold otherwise would mean that review of every non-final order could be sought through a petition for writ of certiorari. Under such a ruling, appellate courts would be inundated with petitions to review non-final orders and trial court proceedings would be unduly interrupted"); State v. Lozano, 616 So. 2d 73, 75 (Fla. 1st DCA 1993) (noting: "Ordinarily, the time, trouble, and expense of an unnecessary trial are not considered 'irreparable

2

injury' for these purposes. The 'irreparable injury' test must be satisfied in a certiorari proceeding that arises from a criminal case, as well") (citation omitted).