# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-580
Lower Tribunal Nos. F97-23950, 15-9809

————————

**Robert Gering,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for respondent.

Before EMAS, HENDON and BOKOR, JJ.

PER CURIAM.

The petition is dismissed.  See Citizens Prop. Ins. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 355-56 (Fla. 2012):

> There is an important difference between a departure from the essential requirements of law where there has been a violation of a clearly established principle of law and a case that involves an issue of law where the law is not yet settled.  See Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000) ("Unfortunately, there is no Florida case squarely discussing [this legal question]. Without such controlling precedent, we cannot conclude that either court violated a 'clearly established principle of law.' " (quoting Stilson v. Allstate Ins. Co., 692 So. 2d 979, 982–83 (Fla. 2d DCA 1997))). We would improperly expand certiorari jurisdiction by applying it to all cases where a party asserts only that the trial court erred regarding an issue of statutory interpretation without regard to the higher threshold of whether the ruling departed from the essential requirements of law.

See also In re Assignment for Benefit of Creditors of Miami Perfume Junction, Inc. v. Osborne, 314 So. 3d 604, 607 (Fla. 3d DCA 2020).