IN THE DISTRICT COURT OF APPEAL OF THE STATE OF
FLORIDA FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AIDEN S. FUCCI,

    Petitioner,

 v.

                                  Case No. 5D23-749
                                  L.T. Case No. 2021-CF-0825

STATE OF FLORIDA,

    Respondent.

_____/

Opinion filed April 28, 2023

Petition for Certiorari Review of Order
from the Circuit Court for St. Johns County,
R. Lee Smith, Judge.

Matthew Metz, Public Defender, Daytona
Beach, and Rosemarie Peoples, Assistant
Public Defender, St. Augustine, for
Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Richard A. Pallas, Jr.,
Assistant Attorney General, Daytona
Beach, for Respondent.


JAY, J.

Petitioner seeks certiorari review of the circuit court's ruling that the law required his trial by a six-person jury. Because we hold that the petition is moot and cannot show the irreparable harm needed to activate our certiorari jurisdiction, we dismiss the petition.

## I.

A grand jury indicted Petitioner for first-degree murder. The indictment alleged that Petitioner committed the offense when he was fourteen years old. The State moved to empanel a six-person jury, arguing that the law necessitated six jurors because Petitioner's age rendered him constitutionally ineligible for the death penalty. Petitioner maintained that the law required a twelve-person jury for his charged offense. The trial court, citing binding appellate precedent, agreed with the State and granted the motion to empanel a six-person jury. Petitioner sought certiorari review in this court, asking us to quash the trial court's ruling.

A week later, Petitioner pleaded guilty to first-degree murder. In his plea agreement, he waived his right to a jury trial. He also forfeited his right to appeal any court rulings made before the guilty plea.

## II.

## A.

The State argues the petition is moot because after filing it, Petitioner

pleaded guilty, which expressly relinquished his right to a jury trial. We agree.

"An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect." *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992). "On appeal, a case is moot where, by a change of circumstances . . . the judiciary is unable to grant any effectual relief." *State Farm Fla. Ins. Co. v. Bellamy*, 302 So. 3d 1081, 1082 (Fla. 1st DCA 2020).

Here, there has been a fundamental change of circumstances. Petitioner asked this court to "quash the order . . . to empanel six jurors for the pending jury trial." However, Petitioner's guilty plea means there will be no jury trial. Thus, there is "no actual controversy" because the central issue has "ceased to exist." *Godwin*, 593 So. 2d at 212. Accordingly, the case is moot, and dismissal is appropriate. *Id.*

## B.

Even if the petition was not moot, dismissal would still be warranted. "Granting certiorari relief is an extraordinary remedy." *Holmes Reg'l Med. Ctr., Inc. v. Wirth*, 49 So. 3d 802, 804 (Fla. 5th DCA 2010). It is justified in "very few cases." *Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 455 (Fla. 2012) (quoting *Martin-Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1099 (Fla. 1987)).

3

Certiorari relief requires three elements: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents v. Snyder*, 826 So. 2d 382, 387 (Fla. 2d DCA 2002)). Because the last two elements are jurisdictional, a court must analyze them before considering the first element. *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011). Courts refer to the two jurisdictional elements collectively as "irreparable harm." *See Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 351 (Fla. 2012) ("[B]efore certiorari can be used to review non-final orders, the appellate court must focus on the threshold jurisdictional question: whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm.").

Plainly, any purported harm caused by an order authorizing a six-person jury evaporated when the defendant waived his right to a jury trial. Thus, Petitioner cannot show that he will be materially injured by the size of a hypothetical jury that will never be empaneled. *See People's Tr. Ins. Co. v. Island Roofing & Restoration, LLC*, 320 So. 3d 817, 820 (Fla. 2d DCA 2021) ("[T]he petitioner must . . . show irreparable harm *resulting from the [trial court's] error*." (emphasis added)). Absent this threshold showing of

4

irreparable harm, we lack jurisdiction. *See Citizens Prop. Ins. Corp.*, 104 So. 3d at 351.

C.

Finally, even if Petitioner could somehow clear his jurisdictional hurdle, he cannot show that the "order constitutes a departure from the essential requirements of the law—another requirement for a grant of certiorari." *State v. Garcia*, 350 So. 3d 322, 326 (Fla. 2022) (explaining that a certiorari petition, which failed to show irreparable harm, also failed to demonstrate a departure from the essential requirements of the law).

A departure from the essential requirements of the law is something "more than just a legal error." *Citizens Prop. Ins. Corp.*, 104 So. 3d at 351. It occurs "*only* when there has been a violation of a clearly established principle . . . resulting in a miscarriage of justice." *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003). "A classic example . . . is a trial court's failure to follow binding precedent." *State Farm Fla. Ins. Co. v. Sanders*, 327 So. 3d 342, 344 (Fla. 3d DCA 2020).

In concluding that the law required a six-person jury, the trial court recognized the binding authority of *Walling v. State*, 105 So. 3d 660 (Fla. 1st DCA 2013), and *State v. Dagostino*, 303 So. 3d 606 (Fla. 5th DCA 2020). In *Walling*, the First District Court of Appeal rejected the same argument that

5

Petitioner advances here—that the case is a capital one requiring a twelve-person jury. *See Walling*, 105 So. 3d at 661–62. The first district found that "[e]ven when a state statute defines an offense as a capital crime, section 913.10 does not require a twelve-person jury if federal constitutional requirements rule out death as a possible penalty." *Id.* at 662. Since the defendant's age rendered him constitutionally ineligible for the death penalty, the first district affirmed the use of a six-person jury in the defendant's trial for first-degree murder. *Id.* at 662–63. And in *Dagostino*, this court held that a trial court departed from the essential requirements of the law when it authorized a twelve-person jury in a case where it was constitutionally impossible for the defendant to receive the death penalty. *Dagostino*, 303 So. 3d at 607–08.

Here, the trial court correctly followed *Walling* and *Dagostino*. *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts."); *Stanfill v. State*, 384 So. 2d 141, 143 (Fla. 1980) (holding that DCA decisions "represent the law of Florida" unless they are overruled by the Florida Supreme Court). Accordingly, the trial court's faithful adherence to precedent was not a departure from the essential requirements of the law. *See Younkin v. Blackwelder*, 331 So. 3d 686, 688 (Fla. 2021) (holding that a trial court did

6

not depart from the essential requirements of the law since its order "was consistent with binding district court precedent"); *Sanders*, 327 So. 3d at 344 (holding that it was "self-evident that the trial court's faithful following" of precedent "cannot constitute a departure from the essential requirements of the law"); *see also Garcia*, 350 So. 3d at 326 (holding that a trial court did not depart from the essential requirements of the law in a case where "there was no clearly established law binding on the trial court").

## III.

Certiorari relief is an extraordinary remedy. *Wirth*, 49 So. 3d at 804. It is unavailable in this case because the petition is moot and fails to demonstrate irreparable harm. Moreover, the trial court's commitment to precedent was not a departure from the essential requirements of law. *Sanders*, 327 So. 3d at 344.

PETITION DISMISSED.

MAKAR and SOUD, JJ., concur.

7