CLARK, J.
Perdido Sun Condominium Association (“Perdido Sun”) appeals the final order dismissing with prejudice its complaint for *1211 damages for Citizens Property Insurance Corporation’s (“Citizens”) alleged failure to attempt in good faith to settle Perdido Sun’s property insurance claim.[1] The complaint was filed pursuant to section 624.155, Florida Statutes, which provides a civil remedy for persons damaged by an insurer’s failure to settle claims in good faith. The circuit court found that Citizens was immune from suit under section 627.351(6)(s)l., Florida Statutes, and that a statutory bad-faith action under section 624.155 was not among the specifically listed exceptions to this immunity. § 627.351(6)(s)l., a.-e., Fla. Stat. The circuit court’s dismissal of the complaint with prejudice is a determination that section 627.351(6)(s)l. shields Citizens from suit for the cause of action set out in section 624.155 under all circumstances and any set of facts. We disagree, reverse the final judgment for Citizens, and remand for further proceedings.
Citizens is an insurer created by the legislature for the public purpose of providing “affordable property insurance to applicants who are in good faith entitled to procure insurance through the voluntary market but are unable to do so.” § 627.351(6)(a)l., Fla. Stat. Citizens is described in the statute as “a government entity that is an integral part of the state, but is not a private insurance company.” Id. As a creature of statute, Citizens’ operations, procedures, duties, and legal status are governed by section 627.351(6), Florida Statutes.
At issue in this case is Citizens’ immunity from suit, as provided by section 627.351(6)(s)l., and particularly its immunity from a suit on the statutory cause of action established by section 624.155.[2] Section 627.351(6)(s)l. provides in part:
(s)l. There shall be no liability on the part of, and no cause of action of any nature shall arise against, the corporation or its agents or employees, for any action taken by them in the performance of their duties or responsibilities under this subsection. Such immunity does not apply to:
a. Any of the foregoing persons or entities for any willful tort;
b. The corporation or its producing agents for breach of any contract or agreement pertaining to insurance coverage; ...
After its insured property was damaged by a hurricane in 2004, Perdido Sun made a claim on its insurance policy with Citizens.[3] Perdido Sun was not satisfied with the amount of Citizens’ eventual payment on the claim and filed a breach of contract action to recover additional sums under *1212 the insurance contract. Perdido Sun prevailed on the breach of contract claim and this Court affirmed that judgment. Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass’n, Inc., 22 So.3d 71 (Fla. 1st DCA 2009).
Based on the circuit court’s findings regarding Citizens’ actions in the breach of contract case, Perdido Sun filed a second lawsuit against Citizens for the civil remedy provided in section 624.155(l)(b)l., Florida Statutes, a statutory “bad faith” claim. Section 624.155(1) establishes a cause of action against “the insurer” for “[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.” § 624.155(l)(b)l., Fla. Stat. An insurer’s failure to “promptly settle claims” in order to influence partial settlements is also listed as an act subjecting an insurer to the statutory remedy under section 624.155(l)(b)2.
Citizens moved to dismiss the “bad faith” complaint, asserting its immunity from suit under section 627.851(6)(s)l. The circuit court granted the motion and entered final judgment for Citizens, adopting the reasoning and statutory analysis of Citizens’ immunity from suit under section 627.351(6)(s) discussed in Citizens Prop. Ins. Corp. v. Garfinkel, 25 So.3d 62 (Fla. 5th DCA 2009), disapproved on other grounds, Citizens Prop. Ins. Corp. v. San Perdido Ass’n Inc., 104 So.3d 344 (Fla. 2012), and Judge Wetherell’s dissent in San Perdido Ass’n, Inc., 46 So.3d 1051, 1053 (Fla. 1st DCA 2010). The standard for this Court’s review is de novo because the motion to dismiss was “based on a claim that no legal cause of action exists as alleged in the complaint.” Florida Dep’t of Corrections v. Abril, 969 So.2d 201, 204 (Fla.2007).
On appeal, Perdido Sun maintains that the immunity provided to Citizens by section 627.351(6)(s)l. does not apply to “any willful tort” under the exception in subsection 627.351(6)(s)l.a. and that the actions of an insurer described by section 624.155(l)(b) constitute “willful torts.” Citizens counters that the exceptions to Citizens’ immunity listed in section 627.351(6)(s)l. must be strictly construed and the absence of a specific reference to the statutory cause of action provided by section 624.155 among the listed exceptions precludes a “bad faith” action under that statute against Citizens.
The phrase “any willful tort” is not further defined in chapter 627. However, “willful” is defined in section 627.041(7): “in relation to an act or omission which constitutes a violation of this part [willful] means with actual knowledge or belief that such an act or omission constitutes such violation and with specific intent nevertheless to commit such act or omission.” A “tort” is defined as: “A civil wrong, other than a breach of contract, for which a remedy may be obtained, usu. in the form of damages; a breach of duty that the law imposes on persons who stand in a particular relation to one another.” Black’s Law Dictionary 1526 (8th ed. 2004). Black’s Law Dictionary equates “willful tort” with “intentional tort,” both defined as “[a] tort committed by someone acting with general or specific intent.” Id. at 1527.
The law does impose a duty of good faith on Citizens regarding its policy holders. Although Citizens differs from private insurers because Citizens has “a duty to the state to manage its assets responsibly to minimize its assessment potential,” the same statute imposes upon Citizens a “duty to its policyholders to handle claims carefully, timely, diligently, and in good faith.” § 627.351(6)(s)2., Fla. Stat. Because the law, in section 627.351(6)(s), spe- *1213 cifieally imposes upon Citizens a duty to handle its insured’s claims in good faith, a breach of this duty falls under the broad definition of “tort.” It is true that not every violation of statute by an entity governed or regulated by the statute gives rise to a private cause of action to enforce the provision or to recover damages. “Whether a violation of statute can serve as the basis for a private cause of action is a question of legislative intent.” Aramark Uniform & Career Apparel, Inc. v. Easton, 894 So.2d 20, 23 (Fla.2005). Here, the legislative intent to create a private cause of action in “any person ... when such person is damaged” against “an insurer” for failure to attempt in good faith to settle claims is clear under section 624.155. The fact that Citizens is “not a private insurance company” (§ 627.351(6)(a) 1., Fla. Stat.) does not mean that it is not an “insurer” as defined by section 624.108, Florida Statutes,[4] and as contemplated in section 624.155(1).
In light of the definitions of “willful” and “tort,” and considering that Citizens, while not a private insurance company, is nonetheless charged by the legislature to provide affordable property insurance to policy holders and to serve the policy holders at “the highest possible level but never less than that generally provided in the voluntary market,” (§ 627.351(6)(a)4., Fla. Stat.), the “willful tort” exception to Citizens’ immunity from suit allows Citizens’ to be sued for the statutory civil remedy provided in section 624.155(b). Of course, the plaintiff is required to prove the cause of action, including the willfulness and lack of good faith in Citizens’ settlement efforts. This burden of proof does not mean that there is no cause of action available under section 624.155 against Citizens under any possible factual circumstances. Citizens’ immunity does not extend to the “■willful tort” of failing to attempt in good faith to settle claims as provided by section 624.155, Florida Statutes.
The final order granting the motion to dismiss the complaint, with prejudice, is REVERSED and this cause remanded. To the extent that the opinion in Citizens Prop. Ins. Corp. v. Garfinkel, 25 So.3d 62 (Fla. 5th DCA 2010), disapproved on other grounds, Citizens Prop. Ins. Corp. v. San Perdido Ass’n, Inc., 104 So.3d 344 (Fla.2012) expressly and directly conflicts with the decision of this court, we certify conflict with the fifth district decision. In addition, in light of Citizens’ status as a government entity serving the compelling public purpose described in its enabling statute, we certify the following question of great public importance:
WHETHER THE IMMUNITY OF CITIZENS PROPERTY INSURANCE CORPORATION, AS PROVIDED IN SECTION 627.351(6)(S), FLORIDA STATUTES, SHIELDS THE CORPORATION FROM SUIT UNDER THE CAUSE OF ACTION CREATED BY SECTION 624.155(1)(B), FLORIDA STATUTES FOR NOT ATTEMPTING IN GOOD FAITH TO SETTLE CLAIMS?
WOLF and VAN NORTWICK, JJ., concur.

. Unlike the propriety and mechanism for review of the non-final orders via extraordinary writ or interlocutory appeal, as addressed in Citizens Prop. Ins. Corp. v. Garfinkel, 25 So.3d 62 (Fla. 5th DCA 2010); Citizens Prop. Ins. Corp. v. San Perdido Ass’n Inc., 46 So.3d 1051 (Fla. 1st DCA 2010); and Citizens Prop. Ins. Corp. v. San Perdido Ass’n Inc., 104 So.3d 344 (Fla.2012), this is an appeal of a final order dismissing the action with prejudice. The reviewable nature of the order on appeal here is not in question.

. Because section 627.351(6)(s)l. specifically addresses Citizens' immunity and the exceptions thereto, we are not dealing with the waiver of sovereign immunity for torts against the state and state agencies under section 768.28, Florida Statutes. See also Art. X, §13, Fla. Const.

.A similar claim was filed by another condominium association owning property insured by Citizens-San Perdido Association, Inc. Litigation by these two associations against Citizens has progressed in parallel fashion. See Citizens Prop. Ins. Corp. v. San Perdido Ass’n, Inc., 46 So.3d 1051 (Fla. 1st DCA 2010), approved, 104 So.3d 344 (Fla.2012); Citizens Prop. Ins. Corp. v. San Perdido Ass’n, Inc., 22 So.3d 71 (Fla. 1st DCA 2009).

. " ‘Insurer’ includes every person engaged as an indemnitor, surety, or contractor in the business of entering into contracts of insurance or of annuity.” § 627.03, Fla. Stat. " ‘Person’ includes an individual, insurer, company!,] ... corporation!,] ... and every legal entity.” § 624.04, Fla. Stat.