# Supreme Court of Florida

_____

No. SC14-185
_____

**CITIZENS PROPERTY INSURANCE CORP., etc.,**
Petitioner,

vs.

**PERDIDO SUN CONDOMINIUM ASSOCIATION, INC., etc.,**
Respondent.

[May 14, 2015]

PARIENTE, J.

The issue in this case is whether the Florida Legislature intended Citizens Property Insurance Corporation, a state-created entity that provides property insurance, to be liable for statutory first-party bad faith claims as an exception to its statutory immunity from suit. The First District Court of Appeal in Perdido Sun Condominium Ass'n v. Citizens Property Insurance Corp., 129 So. 3d 1210 (Fla. 1st DCA 2014), determined that the "willful tort" statutory exception to Citizens' immunity applied to statutory first-party bad faith claims and certified conflict with the Fifth District Court of Appeal's decision in Citizens Property Insurance Corp. v. Garfinkel, 25 So. 3d 62 (Fla. 5th DCA 2009), disapproved on other grounds by

Citizens Property Insurance Corp. v. San Perdido Ass'n, 104 So. 3d 344 (Fla.

2012), which held to the contrary that Citizens is statutorily immune. Additionally,

the First District passed upon the following question, which it certified to be of

great public importance:

> WHETHER THE IMMUNITY OF CITIZENS PROPERTY
> INSURANCE CORPORATION, AS PROVIDED IN SECTION
> 627.351(6)(s), FLORIDA STATUTES, SHIELDS THE
> CORPORATION FROM SUIT UNDER THE CAUSE OF ACTION
> CREATED BY SECTION 624.155(1)(b), FLORIDA STATUTES[,]
> FOR NOT ATTEMPTING IN GOOD FAITH TO SETTLE
> CLAIMS?

Perdido Sun, 129 So. 3d at 1213.[1]

We conclude, as more fully explained below, that a statutory first-party bad

faith cause of action under section 624.155(1)(b) is not an exception to the

immunity granted to Citizens by the Legislature. Accordingly, we quash Perdido

Sun, approve the reasoning of Garfinkel on this issue, and answer the certified

question in the affirmative.

## BACKGROUND

After prevailing in a breach of contract action against its insurance company,

Citizens Property Insurance Corporation, Perdido Sun Condominium Association

sued Citizens a second time. In the second lawsuit, Perdido Sun alleged a statutory

---

1. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

first-party bad faith claim, pursuant to section 624.155(1), Florida Statutes (2009), which provides in relevant part:

> (1) Any person may bring a civil action against an insurer when such person is damaged:
> . . . .
> (b) By the commission of any of the following acts by the insurer:
> 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests[.]

Specifically, Perdido Sun claimed that Citizens (1) refused to pay the full amount owed to Perdido Sun under the insurance policy; (2) refused to take part in the required appraisal process and instead used that process in an attempt to forestall litigation; (3) delayed payment of the appraisal award and improperly attempted to condition payment of the award upon the execution of a universal release; and (4) engaged in a pattern and practice of seeking to avoid or delay full settlement of claims.

Citizens moved to dismiss the complaint, citing its immunity from suit under section 627.351(6)(s)1., Florida Statutes (2009), which provides:

> There shall be no liability on the part of, and no cause of action of any nature shall arise against, any assessable insurer or its agents or employees, the corporation or its agents or employees, members of the board of governors or their respective designees at a board meeting, corporation committee members, or the office or its representatives, for any action taken by them in the performance of their duties or responsibilities under this subsection. Such immunity does not apply to:

- 3 -

a. <u>Any of the foregoing persons or entities for any willful tort</u>;
b. The corporation or its producing agents for breach of any contract or agreement pertaining to insurance coverage;
c. The corporation with respect to issuance or payment of debt;
d. Any assessable insurer with respect to any action to enforce an assessable insurer's obligations to the corporation under this subsection; or
e. The corporation in any pending or future action for breach of contract or for benefits under a policy issued by the corporation; in any such action, the corporation shall be liable to the policyholders and beneficiaries for attorney's fees under s. 627.428.

(Emphasis added.)

Perdido Sun relied on the statutory exception to immunity for "any willful tort" in asserting that immunity did not apply. The trial court disagreed and dismissed the complaint with prejudice, reasoning that a statutory bad faith action under section 624.155 was not among the specifically listed exceptions to the immunity provided in section 627.351(6)(s). On appeal, the First District reversed, concluding that "Citizens' immunity does not extend to the 'willful tort' of failing to attempt in good faith to settle claims as provided by section 624.155." <u>Perdido Sun</u>, 129 So. 3d at 1213. The First District certified conflict with <u>Garfinkel</u>, 25 So. 3d 62, which had held to the contrary—that a cause of action for statutory first-party bad faith did not constitute a "willful tort" for purposes of the statutory exceptions from Citizens' immunity. <u>Perdido Sun</u>, 129 So. 3d at 1213. The First District also certified the question to be one of great public importance. <u>Id.</u>

**ANALYSIS**

- 4 -

The issue in this case turns on a question of statutory construction—namely, whether the Legislature intended Citizens to be liable for statutory first-party bad faith claims. The answer to this question requires us to review the specific exceptions that the Legislature provided to Citizens' statutory immunity and to examine whether liability on this ground is included within the statutory phrase "willful tort." Perdido Sun argues, and the First District agreed, that a statutory bad faith cause of action constitutes a "willful tort" for purposes of the statutory immunity. Citizens counters that a statutory bad faith cause of action is not a tort. Both Perdido Sun and Citizens rely on statutory construction principles to support their respective positions.

As the issue presented involves a question of statutory construction, this Court's review is de novo. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 367 (Fla. 2013). In applying principles of statutory construction, courts must "begin with the 'actual language used in the statute.' " Raymond James Fin. Servs., Inc. v. Phillips, 126 So. 3d 186, 190 (Fla. 2013) (quoting Borden v. E.–European Ins. Co., 921 So. 2d 587, 595 (Fla. 2006)). A court, in construing a statute, is required to "give effect to legislative intent, which is the polestar that guides the court in statutory construction." Id. (quoting Gomez v. Vill. of Pinecrest, 41 So. 3d 180, 185 (Fla. 2010)).

In examining the relevant statutory provisions at issue, we find no support that the Legislature intended for Citizens to be liable for a breach of the duty to act in good faith by allowing its policyholders to bring a statutory first-party bad faith cause of action. The clearest expression of legislative intent is found in the listed exceptions to Citizens' immunity. See § 627.351(6)(s)1., Fla. Stat. Although the Legislature codified Citizens' duty to handle claims in good faith, see § 627.351(6)(s)2., Fla. Stat., the Legislature never listed statutory first-party bad faith claims as one of the exceptions to Citizens' immunity. To the contrary, the Legislature chose to immunize Citizens for "any action taken by [it] in the performance of [its] duties or responsibilities under . . . subsection [627.351(6)(s)]," which necessarily includes a breach of the duty of good faith.

If the Legislature had intended to exempt first-party bad faith claims from Citizens' statutory immunity, listing this category within section 627.351(6)(s)1. would have been a simple and explicit way to indicate this. Certainly, the Legislature knew how to accomplish an exception to the immunity because it created a specific exception to the immunity for attorney's fees, as authorized by section 627.428, Florida Statutes. See § 627.351(6)(s)1.e., Fla. Stat.

As this Court has recognized, where the Legislature made one exception clearly, if it had "intended to establish other exceptions it would have done so clearly and unequivocally." Dobbs v. Sea Isle Hotel, 56 So. 2d 341, 342 (Fla.

1952).  Accordingly, where the Legislature articulates clear exceptions to a statute, "no other exceptions may be implied."  Garfinkel, 25 So. 3d at 65.  As Garfinkel observed, "because the Legislature identified five exceptions to its grant of immunity, there is no reason to think that another grant would show up in a nearby but separate paragraph, unless specifically identified as such."  Id.  The Legislature has not included statutory first-party bad faith claims among the limited exceptions to Citizens' immunity when it could have easily chosen to do so.

Besides the failure to include a specific exception for statutory causes of action under section 624.155(1)(b)1., we do not agree with the First District's conclusion that the statutory cause of action for first-party bad faith is a tort or specifically a "willful tort"—a principle that becomes clear after considering the history of first-party bad faith causes of action.  Unlike common law causes of action for third-party bad faith, first-party bad faith actions are purely a creature of statute that did not previously exist at common law.  As explained by the Fifth District in Garfinkel:

> The reason why first-party bad faith claims are not considered to be willful torts is best explained by examining the history of this cause of action.  A third-party bad faith action (that is, a claim against one's own insurer for failing in good faith to settle a third-party's claim, thus exposing the insured to liability in excess of the available insurance coverage), was recognized in Florida as part of the common law as early as 1938.  The foundation for this claim is found in the fiduciary nature of the insurance carrier's relationship with the insured.  The carrier was required to act in good faith to negotiate a settlement for the benefit of its insured, and not to protect its own

interest alone. Opperman v. Nationwide Mut. Fire Ins. Co., 515 So. 2d 263, 265 (Fla. 5th DCA 1987), review denied, 523 So. 2d 578 (Fla. 1988). Because of the perceived absence of the fiduciary relationship, however, there was no first-party bad faith action by an insured against the insurer recognized at common law. See Allstate Indem. Co. v. Ruiz, 899 So. 2d 1121 (Fla. 2005); State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 58-59 (Fla. 1995); Baxter v. Royal Indem. Co., 285 So. 2d 652 (Fla. 1st DCA 1973); cert. discharged, 317 So. 2d 725 (Fla. 1975). Thus, unless the insured could allege an independent tort such as fraud, the only relief available on a first-party claim was a cause of action for breach of contract. Butchikas v. Travelers Indem. Co., 343 So. 2d 816 (Fla. 1976); Rubio v. State Farm Fire & Cas. Co., 662 So. 2d 956, 957 (Fla. 3d DCA 1995), review denied, 669 So. 2d 252 (Fla. 1996); Opperman; Allstate Ins. Co. v. Kelley, 481 So. 2d 989 (Fla. 5th DCA 1986).

The Legislature addressed this issue in 1982 by the adoption of section 624.155, Florida Statutes. As our Supreme Court has indicated, "[t]hrough this statute, the Legislature created a first-party bad faith cause of action . . . ." Laforet, 658 So. 2d at 59.

Garfinkel, 25 So. 3d at 68. Thus, as the Fifth District succinctly stated, statutory first-party bad faith causes of action "now exist in Florida not because they are torts, but because they are a statutory cause of action. Accordingly, a first-party bad faith claim cannot be wedged into the statutory exception for willful torts because it is not a tort of any variety." Id. at 68-69.

Citizens also argues that subjecting it to statutory first-party bad faith claims would reduce the funds available to pay insureds' claims for property damage so that further amounts that might be awarded would be borne by the taxpayers. Citizens asserts that is "antithetical to its enabling statute, which provides that Citizens have the maximum financial resources to pay its claims." A competing

- 8 -

argument made by Perdido Sun is that unless Citizens is liable for amounts in excess of the policy limits, the statutory obligation to act in good faith would be meaningless. However, legislative intent must be determined primarily from the language of the statute and not from this Court's view of the best policy. See, e.g., Rollins v. Pizzarelli, 761 So. 2d 294, 299 (Fla. 2000) ("An interpretation of a statutory term cannot be based on this Court's own view of the best policy."); State v. Ashley, 701 So. 2d 338, 343 (Fla. 1997) ("[T]he making of social policy is a matter within the purview of the legislature—not this Court.").

In this case, Perdido Sun's complaint does not allege that Citizens committed a "willful tort." As we have previously recognized, "where a plaintiff claims a defendant engaged in egregious and outrageous actions, bad faith can be elevated to a willful tort, an issue that could turn on the facts of the case." Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 355 n.7 (Fla. 2012). Perdido Sun's complaint is based solely on the statutorily created first-party bad faith cause of action under section 624.155. No additional allegations of willful misconduct outside of the statutory bad faith claim are alleged. Although the complaint contains allegations that the conduct was "intentional, willful, wanton and malicious or done in a reckless disregard for Perdido Sun's rights," these allegations were made to preserve Perdido Sun's right to add a count for punitive damages and not to allege a separate willful tort. Because specific allegations of

willful misconduct are not contained in the complaint, the trial court properly dismissed the complaint.

## CONCLUSION

Perdido Sun brought a first-party bad faith claim pursuant to section 624.155(1). That claim is a statutory cause of action and does not fall within the willful tort exception to Citizens' immunity under section 627.351(6)(s)1. Therefore, we answer the certified question in the affirmative, quash the First District's decision in <u>Perdido Sun</u>, and approve the Fifth District's reasoning in <u>Garfinkel</u> on this issue. We remand this case to the First District with instructions to reinstate the trial court's order of dismissal.

It is so ordered.

LABARGA, C.J., and QUINCE and PERRY, JJ., concur.
LEWIS, CANADY, and POLSTON, JJ., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

First District - Case No. 1D13-1951

(Escambia County)

Kara Berard Rockenbach of Methe & Rockenbach, P.A., West Palm Beach, Florida; Raoul G. Cantero, III, David P. Draigh, and Ryan Andrew Ulloa of White & Case LLP, Miami, Florida,

for Petitioner

Charles S. Liberis, Jr. and Thomas F. Condon of the Liberis Law Firm, P.A., Pensacola, Florida,

for Respondent

Pamela Jo Bondi, Attorney General, Allen C. Winsor, Solicitor General, and Rachel Erin Nordby, Deputy Solicitor General, Tallahassee, Florida,

for Amicus Curiae State of Florida

Mark Lawrence Zientz of the Law Offices of Mark L. Zientz, P.A., Miami, Florida,

for Amicus Curiae Florida Workers' Advocates