B.L. THOMAS, C.J., DISSENTING. I respectfully dissent. The issue before us is whether a high blood pressure reading of 140/60 constitutes “any evidence” of hypertension that would exclude the statutory presumption that certain conditions áre accidental and occur within the line of duty. This is a pure question of law, reviewed de novo. Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass’n, Inc., 164 So.3d 663, 666 (Fla. 2015) (“As the' issue presented involves a question of statutory construction, this Court’s review is de novo.”). Both the majority opinion and Ap-pellee acknowledge that Appellee’s 2007 blood pressure reading of 140/60 was a high reading. In addition, Appellant’s medical expert testified that such a reading is evidence of Stage I hypertension. The statute requires no more evidence than this to exclude the presumption. Section 112.18(l)(a), Florida Statutes, states: Any condition or impairment of health of any ... law enforcement officer ... caused by ... hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have' been suffered in the line of duty unless the contrary be shown by competent.evidence. However, any such .:. law enforcement officer' must have successfully passed a physical examination upon entering into any such sfervice as a ... law enforcement officer, which examination failed to reveal any evidence of any such condition. (Emphasis added.) The Center for Disease Control and Prevention describes hypertension as high blood pressure: “About High Blood Pressure (Hypertension): High blood pressure has no warning signs or symptoms, and many people do not know they -have it. The only way to know if you have it is to measure your blood pressure. Then you can take steps to control it if it is too high.” See https://search. cdc.gov/search?query=hypertension&utf 8=Sni&affiliate=cdc-main ■ (emphasis added), (last visited Sept. 27, 2017). By definition, then, evidence of a reading of high blood pressure is, at the very least, an indication of hypertension under section 112.18(l)(a), Florida Statutes. The majority opinion misinterprets the statute by conflating the concepts of weight and admissibility. See Miller v. State, 597 So.2d 767 (Fla. 1991) (holding that duration between alleged impaired driving and performance of blood alcohol test went to credibility and weight of evidence, not admissibility, provided test is conducted within a reasonable time after being stopped by law enforcement); Thomas v. Hogan, 308 F.2d 355, 361 (4th Cir. 1962) (en banc) (holding factors of reliability of medical record supporting determination of intoxication based on blood composition went to weight of evidence, not admissibility, absent showing of “complete” unreliability). There is no argument that Appellee’s 2007 blood pressure measurement was somehow unreliable, improperly read or invalidly administered; instead, the weight of the reading was disputed by Appellee. Furthermore, both the majority opinion and the Judge of. Compensation Claims superimpose the requirement of a diagnosis in the statutory exclusion. The acknowledgment of Appellee’s high blood pressure reading is equivalent to the principle of “admissibility” of evidence before a fact finder. No one could credibly assert that Appellee’s pre-employment report of elevated blood pressure was not admissible, but a party could legitimately argue that a single blood pressure reading is not persuasive. That would be quite different, however, than a judge ruling that the-factfinder would not be allowed to even learn of the reading. And whether Appellee’s reading was a product of “white-coat” syndrome or any other non-hypertensive source, even if true, is irrelevant under the statute, because: 1) the record contained Appellee’s pre-employment physical which showed a reading of high blood pressure; 2) such a reading is an indication—i.e., “evidence”—of the existence of hypertension, although doctors can disagree as to how much weight to give this evidence; and 3) the statute does not require any specific quantum of evidence to disallow the statutory presumption. Had the legislature intended to require the existence of “substantial evidence” of hypertension before disallowing the evi-dentiary presumption at issue, it would have done so. The legislature, in fact, did just that in another statute, when it created a statutory presumption of driver impairment by declaring that “a blood-alcohol level or breath-alcohol level of 0.08 or higher, that fact is prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired.” § 316.1934(2)(c), Fla. Stat. The legislature defined the contrary presumption by providing that a reading of less than 0.05 creates a presumption that the driver was “not under the influence of alcoholic beverages 316.1934(2)(a), Fla. Stat. Unlike that statute, which quantified a weight of the evidence to invoke an eviden-tiary presumption, here, the legislature chose not to designate any quantity of evidence that would disallow the presumption that a specified condition was accidental and occurred in the line of duty. Thus, the doctors’ view that “two or three abnormal readings within a period of time are necessary to confirm the condition of hypertension is not the criteria provided by the legislature in section 112.18(l)(a), Florida Statutes. Instead, the legislature balanced the interests of the relevant class of employees to whom it chose to grant the advantageous statutory presumption against the tax burdens on the public, by requiring that the employee’s pre-employment physical not contain any evidence of the condition. Finally, the majority opinion’s reliance on Talpesh v. Village of Royal Palm Beach, 994 So.2d 353, 354-55 (Fla. 1st DCA 2008), is misplaced, because in that case, this court correctly held that high blood pressure is not, by its nature, medical evidence of coronary artery disease or heart disease. While high blood pressure may or may not be evidence of heart disease, it is evidence of hypertension. Therefore, this court should reverse with direction that the statutory presumption does not apply here as a matter of law.