PER CURIAM.
 

 Arlene Singleton appeals an order entitled “Judgment by Default” in which the trial court found that Singleton had not filed any responsive pleading within the time required and that the clerk had entered a default. The decretal portion of the order entered a default judgment against Singleton as to liability. The order reserved jurisdiction to determine the amount of damages. This court
 
 sua sponte
 
 issued an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. In response, appellant asserts only that the order appealed determined that appellant is liable to appellees for their damages. Appellant’s response fails to establish a basis for our jurisdiction.
 

 In 2000, Florida Rule of Appellate Procedure 9.130 was amended to remove former section 9.130(a)(3)(C)(iv), which had allowed an appeal of a nonfinal order that determined the issue of liability in favor of a party seeking affirmative relief.
 
 See Amendments to Fla. R.App. P.,
 
 780 So.2d 834, 838 (Fla.2000). No remaining section of Rule 9.130 would appear to allow for an immediate appeal of the instant order. Further, because the instant order does not bring an end to the litigation below, this order is not final.
 
 See Caufield v. Cantele,
 
 837 So.2d 371, 375 (Fla.2002) (reaffirming traditional test of finality that a “final judgment is one which ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary.”);
 
 Hernando County v. Leisure Hills, Inc.,
 
 648 So.2d 257 (Fla. 5th DCA 1994) (holding that issue of damages is so intertwined with substance of a claim as to render an order reserving jurisdiction to determine damages nonfinal).
 

 DISMISSED.
 

 ALLEN, VAN NORTWICK, and ROBERTS, JJ., concur.