PER CURIAM.
 

 Petitioner United Automobile Insurance Company (UAIC) has brought this second-tier certiorari petition, challenging a Bro-ward Circuit Court order, which dismissed its appeal for lack of jurisdiction. We grant the petition for writ of certiorai'i, quash the order of dismissal and remand for reasons which follow.
 

 Respondent Keith H. Buchalter, D.C., d/b/a South Broward Chiropractic Center
 
 *1101
 
 (Buchalter) is a medical provider who allegedly rendered medical services to Maria Garcia as a result of an auto accident, which occurred in June 2002. Buchalter sued UAIC in Broward County Court, alleging counts for breach of contract for Personal Injury Protection (PIP) statutory benefits and for declaratory relief regarding coverage. UAIC moved to dismiss the declaratory judgment count in September 2003, and its motion was granted. UAIC filed an answer and affirmative defenses and the case proceeded. Buchalter filed an amended complaint asserting five counts.
 

 Buchalter later filed a motion for sanctions, motion to strike UAIC’s pleadings and a motion for entry of a judgment in the Broward County Court. In that motion, Buchalter argued that he had made seven unsuccessful attempts to depose the insurance adjuster most knowledgeable of the claim and that, twice previously, the County Court had sanctioned UAIC regarding its failure to properly give the requested deposition..
 

 The Broward County Court entered an order striking UAIC’s pleadings and entered a default judgment against it. The county court later entered a final judgment in favor of Buchalter. Finding that UAIC’s violations were willful, the court imposed the maximum fíne allowed by statute.
 

 UAIC appealed the Broward County Court’s final judgment to the Broward Circuit Court. Buchalter filed a motion to dismiss the appeal for lack of jurisdiction,. arguing that UAIC had failed to timely appeal the County Court’s default judgment, styled as a sanctions order, as a non-final appeal under Floi'icla Rule of Appellate Procedure 9.130(a)(3)(C)(iv). In response, UAIC argued that there was no interlocutory appeal authorized from county court to circuit court and that interlocutory orders determining liability are no longer appealable under the current version of rule 9.130(a)(3)(C). Further, UAIC argued that the timely appeal from the final judgment gave the circuit court jurisdiction, allowing challenges to all underlying orders issued prior to that final judgment. The circuit court entered an order granting Buchalter’s' motion to dismiss the appeal.
 

 Second-tier certiorari will lie in this Court from final determinations by the circuit court made in its appellate capacity. The petitioner must demonstrate that the circuit court failed to afford procedural due process or failed to apply the correct law (the equivalent of a departure from the essential requirements of law).
 
 See generally Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885 (Fla.2003);
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523 (Fla.1995).
 

 As UAIC observes, there is no authority for a non-final appeal from an order striking a defendant’s pleadings and entering a default, even under rule 9.130(a)(3)(C), since the rule was amended in 2000 resulting in removal of the provision for appeals of orders determining liability in favor of a party seeking affirmative relief. As a result of the amendment, orders determining the issue of liability in favor of a party seeking affirmative relief are not appealable until final judgment. See Amendments
 
 to Fla. Rules of Appellate Procedure,
 
 780 So.2d 834 (Fla.2000);
 
 see also Singleton v. Realty Land Invs., Inc.,
 
 5 So.3d 794, 795 (Fla. 1st DCA 2009) (dismissing an appeal, holding that circuit court order styled as “judgment by default” as to liability, but reserving the issue of damages, was not an appealable order under rule 9.130). Further, even if the order was appealable as an interlocutory appeal, petitioner still had the right to wait to appeal the order after final judgment in a plenary appeal.
 
 See Saul v.
 
 
 *1102
 

 Basse,
 
 399 So.2d 130, 133 (Fla. 2d DCA 1981) (holding that appeal of final order includes review of all interlocutory orders leading to that final order, whether separately appealed or not (citing
 
 Auto Owners Ins. Co. v. Hillsborough County Aviation Auth. for Use & Benefit of Gen. Elec. Supply Co.,
 
 153 So.2d 722, 724 (Fla.1963)));
 
 see also Lidsky Vaccaro & Montes, P.A. v. Morejon,
 
 813 So.2d 146 (Fla. 3d DCA 2002).
 

 Therefore, we grant the petition for writ of certiorari and quash the circuit court’s dismissal of the appeal. This cause is remanded to the circuit court for further proceedings.
 

 Petition granted, order quashed and cause remanded.
 

 GROSS, C.J., STEVENSON and DAMOORGIAN, JJ., concur.