IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GARRETT MEDEIROS,

      Appellant,

v.                                                        Case No. 5D15-3301

LLOYD FIRTH A/K/A
WILLIAM LLOYD FIRTH,

      Appellee.

_____/

Opinion filed March 24, 2016

Non-Final Appeal from the
Circuit Court for Orange
County,
John E. Jordan, Judge.

Cynthia Conlin, of Cynthia Conlin,
P.A., Orlando, for Appellant.

Lauren C. Heatwole and Randy A.
Bock, of Heatwole Law Firm, P.A.,
Orlando, for Appellee.


EVANDER, J.

      Garrett Medeiros appeals the trial court's order vacating the default and the

"default final judgment as to liability" entered against Lloyd Firth, a defendant below. For

the reasons that follow, we dismiss the appeal for lack of jurisdiction.

In May 2013, Medeiros filed a multicount complaint for damages against Firth and Lara Duncan.[1] On October 22, 2013, the clerk entered a default against Firth pursuant to Florida Rule of Civil Procedure 1.500(a) for his failure to file or serve any paper in the action. Medeiros also obtained a "default final judgment as to liability" against Firth.

Although Medeiros was seeking unliquidated damages, he subsequently obtained, without notice, an amended default final judgment against Firth in the amount of $25,925.50. The entry of the amended default final judgment was improper because in actions in which the damages are unliquidated, a defaulted party is entitled to receive a notice of trial. Fla. R. Civ. P. 1.440(c); *see also Lauxmont Farms, Inc. v. Flavin*, 514 So. 2d 1133, 1134 (Fla. 5th DCA 1987) ("[A] party has a due process entitlement to notice and an opportunity to be heard on unliquidated damages pursuant to Florida Rule of Civil Procedure 1.440.").

Thereafter, Firth filed a verified motion for relief from final judgment. Medeiros acknowledged that Firth was entitled to have the amended default final judgment set aside and filed a "Motion to Voluntarily Vacate the Amended Default Final Judgment Against Defendant Lloyd Firth." On July 14, 2015, the trial court entered an agreed order vacating the amended default final judgment. The trial court reserved ruling on the remaining issues raised in Firth's verified motion for relief. On August 13, 2015, after an

---

[1] Duncan entered into a settlement agreement with Medeiros and is not a party to this appeal.

unrecorded hearing, the trial court entered an order setting aside the default and the "default final judgment as to liability."[2]

On appeal, Medeiros challenges the trial court's order vacating the default and the "default final judgment as to liability." An appellate court has an independent duty to determine whether it has appellate jurisdiction and is not bound by the trial court's caption or the parties' characterization of an order. *Almacenes El Globo de Quito, S.A. v. Dalbeta L.C.*, 181 So. 3d 559, 560 (Fla. 3d DCA 2015). Florida law makes no provision for a "final judgment as to liability." A final judgment has traditionally been defined as one that "ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary." *Caufield v. Cantele*, 837 So. 2d 371, 375 (Fla. 2002). A default judgment entered against a defendant as to liability is not a final judgment; rather, it is a non-final, non-appealable order. *Singleton v. Realty Land Invs., Inc.*, 5 So. 3d 794, 795 (Fla. 1st DCA 2009).

Appeals of non-final orders to the district courts of appeal are limited to those enumerated in Florida Rule of Appellate Procedure 9.130(a)(3). Because the rule does not authorize an appeal from an order vacating a default and/or vacating a default judgment as to liability, we are compelled to dismiss this appeal for lack of jurisdiction. *See Rodriguez v. Young Am. Corp.*, 717 So. 2d 621 (Fla. 3d DCA 1998); *Yates v. Roller Skating Rinks Inc.*, 379 So. 2d 1333, 1334 (Fla. 5th DCA 1980).

APPEAL DISMISSED.

TORPY and LAMBERT, JJ., concur.

---

[2] This order also reaffirmed the prior order vacating the amended default final judgment.

3