# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D23-1279
LT Case No. 2022-CA-379

_____

ADVANCED BIOMEDICAL, INC., a
Florida Corporation,

    Appellant,

    v.

1551 PROPERTIES, LLC, a
Florida Limited Liability
Company,

    Appellee.

_____

On Appeal from the Circuit Court for Marion County.
Steven G. Rogers, Judge.

Joseph C. Shoemaker, of Bogin, Munns, & Munns, P.A.,
Leesburg, for Appellant.

Robert A. Heekin, Jr., of The Law Offices of Rob Heekin, Jr., P.A.,
Jacksonville, for Appellee.

December 1, 2023

LAMBERT, J.

Appellant, which was the defendant below in the lawsuit brought against it by Appellee for breach of a lease agreement regarding nonresidential property, challenges the trial court's

December 13, 2022 omnibus order that, in pertinent part, denied its amended motion to vacate or set aside the final default judgment of eviction and possession. Appellant also appeals the denial of its subsequent motion for rehearing or reconsideration of this order.

Although the issue of whether the jurisdiction of this court has been timely invoked has not been raised by either party, we conclude from our review of the record that the notice of appeal was not timely filed. Accordingly, we dismiss this appeal for lack of jurisdiction.[1]

It is unnecessary to relate the procedural idiosyncrasies complained of by Appellant in its initial brief that led to the entry of the order under review as they do not affect our jurisdictional analysis. On December 13, 2022, the trial court rendered its order that, among other things, denied Appellant's amended motion for relief from the final default judgment of eviction and possession. Such an order is reviewable under Florida Rule of Appellate Procedure 9.130(a)(5); however, to invoke the jurisdiction of this court, Appellant was required to file its notice of appeal, accompanied by any filing fees prescribed by law, with the clerk of the lower court within thirty days of the December 13, 2022 order. *See* Fla. R. App. P. 9.130(b).

Appellant did not file a notice of appeal within the thirty days. Instead, it filed a motion for rehearing or reconsideration of the order, which the trial court denied by order dated February 21, 2023. Appellant thereafter filed its notice of appeal.

Appellant's notice of appeal is untimely because its motion for rehearing directed to the December 13, 2022 order that denied its amended motion to vacate or set aside the final default judgment was unauthorized and did not toll the time for filing the notice of appeal. *See* Fla. R. App. P. 9.130(a)(5). Accordingly, we dismiss

---

[1] An appellate court has the independent duty to determine whether it has jurisdiction to consider an appeal. *Shassian v. Riverwalk Park, LLC*, 365 So. 3d 484, 486 (Fla. 6th DCA 2023) (citing *Medeiros v. Firth*, 200 So. 3d 121, 122 (Fla. 5th DCA 2016)).

2

this appeal because our jurisdiction to adjudicate the merits of this appeal was not timely invoked. *See Frantz v. Moore*, 772 So. 2d 581, 581 (Fla. 1st DCA 2000) (dismissing an appeal for lack of jurisdiction "[b]ecause a motion for rehearing of an order denying a motion for relief from judgment is not authorized, [so] the motion for rehearing did not toll the time for filing a notice of appeal").

APPEAL DISMISSED.

HARRIS and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____