# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2023-2309
LT Case No. 2021-CA-1088

———————————————————

DRJ ATLANTIC, LLC d/b/a
Hyundai of Jacksonville,

Appellant,

v.

AMIR BABADI, CHERYL
YESCHENKO, STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY, and
PROGRESSIVE AMERICAN
INSURANCE COMPANY,

Appellees.

———————————————————

Nonfinal appeal from the Circuit Court for St. Johns County.
Howard M. Maltz, Judge.

Scott A. Cole and Francesca M. Stein, of Cole, Scott & Kissane,
P.A., Miami, for Appellant.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellee,
Amir Babadi.

No Appearance for remaining Appellees.


September 5, 2024

SOUD, J.

Appellant DRJ Atlantic, LLC, d/b/a Hyundai of Jacksonville, appeals the trial court's denial of its motion for summary judgment, which asserted immunity from liability under section 324.021(9)(c)3.a., Florida Statutes (2020). We dismiss the appeal for want of jurisdiction.

I.

DRJ Atlantic provided a temporary loaner vehicle to its customer, Cheryl Yeschenko, while her car was to be repaired. Thereafter, Yeschenko was involved in a car accident with Appellee Amir Babadi while driving the loaner vehicle. Ultimately, Babadi filed suit against Yeschenko, DRJ Atlantic, and others for injuries he claims were caused in the accident.

Pertinent for our purposes, Babadi seeks damages from DRJ Atlantic under Florida's common law dangerous instrumentality doctrine, claiming that DRJ Atlantic is vicariously liable because it owned the loaner vehicle and voluntarily entrusted it to Yeschenko who negligently harmed Babadi. DRJ Atlantic filed its motion for final summary judgment, claiming it was statutorily immune from liability pursuant to section 324.021(9)(c)3.a., Florida Statutes. The trial court denied the motion.

DRJ Atlantic's notice of appeal followed.

II.

Before we consider the merits of DRJ Atlantic's arguments, we must first determine whether we have jurisdiction to review this case. We do not.

A.

"District courts of appeal shall have jurisdiction to . . . review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court." Art. V, § 4(b)(1), Fla. Const. Pursuant to this state constitutional grant of authority, the Florida Supreme Court promulgated Florida Rule of Appellate Procedure 9.130, identifying those "most urgent" non-final orders

that may be the subject of interlocutory appeal. *See Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344, 352 (Fla. 2012) (quoting *Williams v. Oken,* 62 So. 3d 1129, 1134 (Fla. 2011)).

By bootstrapping to other claims of immunity for which Rule 9.130 permits interlocutory review, both parties argue that we have jurisdiction to review the trial court's order denying DRJ Atlantic's statutory immunity claim. Nonetheless, that does not end our jurisdictional analysis.

Parties before this Court cannot stipulate to jurisdiction where none exists under Florida law. *See Shassian v. Riverwalk Park, LLC*, 365 So. 3d 484, 486 (Fla. 6th DCA 2023) (citing *Cunningham v. Standard Guar. Ins.*, 630 So. 2d 179, 181 (Fla. 1994)). Florida appellate courts have an independent responsibility in every case to determine whether we have jurisdiction. *See Medeiros v. Firth*, 200 So. 3d 121, 122 (Fla. 5th DCA 2016). When we do not, we must dismiss the case, even if *sua sponte*, for want of jurisdiction. *See id.*; *see also Skybus Jet Cargo, Inc. v. Aca Int'l, LLC*, 365 So. 3d 467, 467 (Fla. 3d DCA 2023).

Here, the trial court's order denying DRJ Atlantic's claim of statutory immunity is not listed in Rule 9.130 as an appealable non-final order. Regarding claims of immunity, the rule permits interlocutory review of orders that deny claims of "(i) absolute or qualified immunity in a civil rights claim arising under federal law; . . . (ii) immunity under section 768.28(9), Florida Statutes; or (iii) . . . sovereign immunity." *See* Fla. R. App. P. 9.130(a)(3)(F)(i)–(iii). The statutory immunity afforded to car dealerships under section 324.021(9)(c)3.a. is not identified by the rule. Thus, because "[a]ppeals to the district courts of appeal of nonfinal orders *are limited to those*" set forth in the rule, *see* Fla. R. App. P. 9.130(3) (emphasis added), a reasonable reading of the rule does not permit us to extend it to include review of the order *sub judice*.

### B.

DRJ Atlantic alternatively requests that we treat its appeal as a petition for writ of certiorari. Florida Rule of Appellate Procedure 9.040(c) requires, "If a party seeks an improper remedy, the cause *must* be treated as if the proper remedy had been sought; provided that it will not be the responsibility of the court to seek

the proper remedy." (emphasis added). Therefore, because of the plain requirements of this rule, while we lack appellate jurisdiction to review this case under Rule 9.130, we consider whether we have certiorari jurisdiction. Here again, we do not.

1.

Common law certiorari is both a discretionary and extraordinary writ. It provides an appellate court "the prerogative to reach down and halt a miscarriage of justice where no other remedy exists." *Adventist Health Sys./Sunbelt, Inc. v. Machalek*, 383 So. 3d 534, 536 (Fla. 5th DCA 2023) (quoting *Univ. of Fla. Bd. of Trs. v. Carmody*, 372 So. 3d 246, 251–52 (Fla. 2023)). Certiorari has never been intended to correct "mere legal error." *See id.* at 537.

Certiorari review is not available simply because a challenged order is not otherwise appealable under Rule 9.130. *See Abbey v. Patrick*, 16 So. 3d 1051, 1053 (Fla. 1st DCA 2009). And certiorari "may not be used to circumvent [Rule 9.130,] which authorizes appeal from only a few types of non-final orders." *DeSantis v. Fla. Educ. Ass'n*, 313 So. 3d 151, 153 (Fla. 1st DCA 2020) (quotation marks omitted). Florida appellate courts consistently limit certiorari review "so as to avoid 'piecemeal review of nonfinal trial court orders [that] will impede the orderly administration of justice.'" *Id.* (alteration in original) (quoting *Jaye v. Royal Saxon, Inc.*, 720 So. 2d 214, 215 (Fla. 1998)).

2.

To warrant certiorari relief, DRJ Atlantic must demonstrate that the order denying its motion for summary judgment (1) departs from the essential requirements of law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal. *See Dep't of Child. & Fams. v. State,* 380 So. 3d 1263, 1267 (Fla. 5th DCA 2024). The last two requirements, combined into the concept of "irreparable harm," are jurisdictional and must be found to exist before we consider whether denial of the motion for summary judgment departs from the essential requirements of law. *See id.*

4

In this case, DRJ Atlantic has failed to demonstrate irreparable harm. Pertinent here, section 324.021(9)(c)3.a. provides that, when certain statutory conditions are met, a motor vehicle dealer providing its service customers with a temporary loaner vehicle while their car is repaired or serviced "is immune from any cause of action and is not liable" for harm to others resulting from the operation of the loaner vehicle "solely by reason of being the owner of the temporary replacement vehicle." *See* § 324.021(9)(c)3.a., Fla. Stat. Importantly, DRJ Atlantic argues that this statute grants it immunity from *liability* and makes no argument that the statute grants it immunity from *suit*.[1]

Generally, parties may not seek certiorari review of non-final orders denying motions to dismiss or motions for summary judgment because erroneous denials of such motions may be remedied on plenary appeal. *Univ. of Miami v. Ruiz*, 164 So. 3d 758, 763 (Fla. 3d DCA 2015). Consistent with the jurisdictional framework for certiorari relief, it is only when such wrongful denials cause irreparable harm that certiorari review is appropriate. *See id.*

The Florida Supreme Court has determined that certiorari does not permit the review of a non-final order denying a movant's claim of immunity from liability. *See San Perdido Ass'n, Inc.*, 104 So. 3d at 353. Immunity from liability—which provides a complete defense to liability—"will not be lost simply because review must

---

[1] Considering the argument advanced by DRJ Atlantic, we express no opinion as to whether this section grants to a motor vehicle dealer immunity from liability or complete immunity from suit altogether. *See Rosier v. State*, 276 So. 3d 403, 406 (Fla. 1st DCA 2019) ("An appellate court is 'not at liberty to address issues that were not raised by the parties.'" (quoting *Anheuser-Busch Co., Inc. v. Staples*, 125 So. 3d 309, 312 (Fla. 1st DCA 2013))); *see also Bainter v. League of Women Voters of Fla.*, 150 So. 3d 1115, 1126 (Fla. 2014) ("Basic principles of due process—to say nothing of professionalism and a long appellate tradition—suggest that courts . . . ought not consider arguments outside the scope of the briefing process." (quotation marks omitted)).

wait until after final judgment." *Dep't of Educ. v. Roe*, 679 So. 2d 756, 759 (Fla. 1996).[2]

> [T]his Court has never held that requiring a party to continue to defend a lawsuit is irreparable harm for the purposes of invoking the jurisdiction of an appellate court to issue a common law writ of certiorari. In fact, . . . to establish the type of irreparable harm necessary in order to permit certiorari review, a party cannot simply claim that continuation of the lawsuit would damage one's reputation or result in needless litigation costs. To

---

[2] Importantly, our courts have drawn a sharp distinction between immunity from liability and immunity from suit, which prevents a party from becoming involved in a lawsuit altogether.

> As our supreme court explained in the context of qualified immunity—which, like the immunity at issue in this case, is immunity from suit rather than a defense to liability—the entitlement to immunity is effectively lost if a case is erroneously permitted to go to trial because the party entitled to the immunity cannot be re-immunized if erroneously required to stand trial or face the other burdens of litigation.

*Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 46 So. 3d 1051, 1055 (Fla. 1st DCA 2010) (Wetherell, J., dissenting) (internal quotation marks omitted); *see also Ruiz*, 164 So. 3d at 763 ("[W]hen the motion for summary judgment hinges on the application of a complete statutory immunity from suit—in contrast to mere immunity from liability—requiring a party entitled to that immunity to continue litigating the suit constitutes irreparable harm in and of itself."); *Bank of Am., N.A. v. De Morales*, 314 So. 3d 528, 531 (Fla. 3d DCA 2020) ("Although the expense of continued litigation is ordinarily not a harm that warrants certiorari relief, it may lie in cases where the immunity asserted is from litigation altogether, and not just from liability.").

hold otherwise would mean that review of every non-final order could be sought through a petition for writ of certiorari.

*San Perdido Ass'n, Inc.*, 104 So. 3d at 353.

As a result, since DRJ Atlantic argues that section 324.021(9)(c)3.a. grants it immunity from liability, the trial court's order denying DRJ Atlantic's motion for summary judgment is not subject to our certiorari review. Continued involvement in the litigation, and the expenses associated therewith, does not constitute irreparable harm permitting certiorari review.

## III.

Accordingly, as neither Rule 9.130 nor certiorari vests this court with jurisdiction to review the trial court's order denying DRJ Atlantic's motion for summary judgment, DRJ Atlantic's appeal is DISMISSED.

It is so ordered.

MACIVER and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____